# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brenda Porter, ) | |
| ) | |
| Plaintiff, ) | No. CV-04-537 TUC JMR |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Jo Anne B. Barnhart, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This case arises from a claim by Plaintiff for Social Security benefits. The Honorable Frederick J. Graf ("ALJ") determined that Plaintiff was not disabled as defined by the Social Security Act. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council. Thereafter, Plaintiff initiated this action.

Pending before this Court are cross-motions for summary judgment (Doc. No. 13 & 16). Plaintiff contends that the ALJ erred by rejecting the opinion of Plaintiff's treating physician without clear and convincing reasons for doing so. Plaintiff also claims that the ALJ erred by failing to obtain the opinion of a vocational expert to assess Plaintiff's nonexertional limitations. Defendant argues that the ALJ properly rejected the opinion of the treating physician. Defendant further argues that a vocational expert was not required because Plaintiff's nonexertional limitations were not sufficiently severe.

On September 29, 2006, after a thorough and well-documented analysis, Magistrate Judge Charles R. Pyle issued a Report and Recommendation (R & R) to this Court. Neither

party filed an objection to the R & R.  The Magistrate Judge recommended that Plaintiff's motion be granted in part and Defendant's motion be denied.  In his analysis, he concluded that the record in the case is incomplete and that remand was appropriate for further development of the record.  If there are no objections to the R & R, the Court will modify or set aside only those portions that are clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14 F. Supp. 1203, 1204 (D. Or. 1998).  The Court has carefully reviewed the entire record and concludes that Magistrate Judge Pyle's recommendations are not clearly erroneous or contrary to law.[1]  The Court agrees that the record is incomplete and that justice would be served by remanding this action for further proceedings.

Accordingly,

**IT IS ORDERED** that the **REPORT AND RECOMMENDATION** of the Magistrate Judge filed September 29, 2006 (Doc. No. 24) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Defendant's Cross-Motion for Summary Judgment (Doc. No. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that the instant action is **REMANDED TO THE**

---

[1] On page 17 of the Report and Recommendation, the Magistrate Judge criticizes the ALJ's "irrelevant and pointed inquiry" into the Plaintiff's marital status.  The Court notes, however, that the ALJ, after careful review of the record, may have been justifiably troubled by the conflicting social histories in Plaintiff's medical records. Because this comment by the Magistrate Judge is not essential to the overall recommendation, the report is otherwise adopted.

**COMMISSIONER** for further development of the record consistent with this **ORDER** and the **REPORT AND RECOMMENDATION** and for further appropriate administrative proceedings consistent with that additional development.

DATED this 15th day of November, 2006.

_____
John M. Roll
Chief United States District Judge